Brian Clay Earle
P.O. Box 385
Yantis, Texas
(903) 383-7877



FILED

MAY 0 9 2017

Clerk, U.S. District Court
Texas Eastern

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **Brian Clay Earle, in his proper person,** §<br>§<br>**Plaintiff,** §<br>§<br>**v.** §<br>§<br>**KEVIN ATKINSON, Individually and as an** §<br>**agent and/or employee of WOOD COUNTY** §<br>**SHERIFF'S DEPARTMENT;** §<br>**SAM THREADGILL, individually and as an** §<br>**agent and/or employee of WOOD COUNTY** §<br>**SHERIFF'S DEPARTMENT;** §<br>**JAMES HILDEBRAND, Individually and as** §<br>**an agent and/or employee of WOOD COUNTY** §<br>**SHERIFF'S DEPARTMENT;** §<br>**JIM WHEELER, Individually and as an agent** §<br>**and/or employee of WOOD COUNTY** §<br>**DISTRICT ATTORNEY;** §<br>**JIM BROWN, Individually and as an agent** §<br>**and/or employee of WOOD COUNTY** §<br>**SHERIFF'S DEPARTMENT;** §<br>**JUAN RAMIREZ, Individually and as an** §<br>**agent and\/or employee of ALBA POLICE** §<br>**DEPARTMENT;** §<br>**TOM MILLER, Individually and as an agent** §<br>**and/or employee of ALBA POLICE** §<br>**DEPARTMENT;** §<br>**MISSY BRITTON BIRCHFIELD, Indivually;** §<br>**and DOES 1-50 inclusive** §<br>§ | **Case No.:**<br>6:17cv281<br>RWS|KNM<br><br>**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**<br><br>1. Violation of the Texas and U.S. Constitutions<br>2. Violation of 42 U.S.C § 1983<br>3. Negligence Claim<br><br><br><br>**Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Brian Clay Earle, Individually and in his proper person, and in support of his Original Complaint And Jury Demand, against Defendants Kevin Anderson, Sam threadgill, James Hildebrand, Jim Wheeler, Jim Brown, Juan Ramirez, Tom Miller, Missy Britton Birchfield, all jointly and severally, in their official, corporate, and/or individual capacities,  and DOES 1-50 inclusive pleads as follows:

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983 and 1988, and 28 U.S.C. § 1331.

21.     Venue is appropriate in the Eastern District of Texas Under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Eastern District of Texas.

22.     Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery as allowed by law.

23.     The amount in controversy exceeds $75,000 exclusive of interest and costs.

## PARTIES

1.     Plaintiff, Brian Clay Earle, is a person of full age of majority and a resident of Yantis, Texas. Brian Clay Earle sues on behalf of himself.

2.     Defendant Kevin Atkinson, is a resident of Texas, and is/was a Law Enforcement Officer for Wood County Sheriff Department.  At all times relevant to this cause, KEVIN ATKINSON was operating under color of law in the course and scope of his agency and/or employment relationship with the Wood County Sheriff Department and pursuant to the Texas Wood County Sheriff Department

customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.  KEVIN ATKINSON is being served in his individual and official capacities.  KEVIN ATKINSON may be served at the Wood County Sheriff Department physical address:  402 S Stephens St, Quitman, TX 75783;  mailing address:  P O Box 307, Quitman, TX 75783-0307.

3.      Defendant Sam Threadgill is a resident of Texas, and is/was a Law Enforcement Officer for Wood County Sheriff Department.  At all times relevant to this cause, SAM THREADGILL was operating under color of law in the course and scope of his agency and/or employment relationship with the Wood County Sheriff Department and pursuant to the Texas Wood County Sheriff Department customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.  SAM THREADGILL is being served in his individual and official capacities.  SAM THREADGILL may be served at the Wood County Sheriff Department physical address:  402 S Stephens St, Quitman, TX 75783;  mailing address:  P O Box 307, Quitman, TX 75783-0307.

4.      Defendant James Hildebrand, is a resident of Texas, and is/was a Law Enforcement Officer for Wood County Sheriff Department.  At all times relevant to this cause, JAMES HILDEBRAND was operating under color of law in the course and scope of his agency and/or employment relationship with the Wood County Sheriff Department and pursuant to the Texas Wood County Sheriff Department customs, policies, and practices which were the moving force behind the constitutional violations asserted herein. JAMES HILDEBRAND is being served in his individual and official capacities. JAMES HILDEBRAND may be served at the Wood County Sheriff Department physical address:  402 S Stephens St, Quitman, TX 75783;  mailing address:  P O Box 307, Quitman, TX 75783-0307.

6.      Defendant Jim Wheeler, is a resident of Texas, and is/was a District Attorney for Wood County, Texas.  At all times relevant to this cause, JIM WHEELER was operating under color of law in the course and scope of his agency and/or employment relationship with Wood County and the State of Texas,  and pursuant to the Wood County District Attorney's Office customs, policies, and practices

which were the moving force behind the constitutional violations asserted herein. JIM WHEELER is being served in his individual and official capacities. JIM WHEELER may be served at the Wood County District Attorney's physical address: 100 S. Main St, Quitman, TX 75783; mailing address: P O Box 689, Quitman, TX 75783-0307.

7.      Defendant Jim Brown is a resident of Texas, and is/was a Law Enforcement Officer for Wood County Sheriff Department. At all times relevant to this cause, JIM BROWN was operating under color of law in the course and scope of his agency and/or employment relationship with the Wood County Sheriff Department and pursuant to the Texas Wood County Sheriff Department customs, policies, and practices which were the moving force behind the constitutional violations asserted herein. JIM BROWN is being served in his individual and official capacities. JIM BROWN may be served at the Wood County Sheriff Department physical address: 402 S Stephens St, Quitman, TX 75783; mailing address: P O Box 307, Quitman, TX 75783-0307.

10.     Defendant Juan Ramirez is a resident of Texas, and is/was a Law Enforcement Officer for the City of Alba Police Department. At all times relevant to this cause, JUAN RAMIREZ was operating under color of law in the course and scope of his agency and/or employment relationship with the Alba Police Department and pursuant to the Alba Police Department customs, policies, and practices which were the moving force behind the constitutional violations asserted herein. JUAN RAMIREZ is being served in his individual and official capacities. JUAN RAMIREZ may be served at the Alba Police Department physical address: 145 S. Broadway, Alba, TX 75410; mailing address: PO Box 197 Alba, TX 75410.

11.     Defendant Tom Miller is a resident of Texas, and is/was a Law Enforcement Officer for the City of Alba Police Department. At all times relevant to this cause, TOM MILLER was operating under color of law in the course and scope of his agency and/or employment relationship with the Alba Police Department and pursuant to the Alba Police Department customs, policies, and practices which were

the moving force behind the constitutional violations asserted herein.  TOM MILLER is being served in his individual and official capacities.  TOM MILLER may be served at the Alba Police Department physical address:  145 S. Broadway, Alba, TX 75410;  mailing address:  PO Box 197 Alba, TX 75410.

12.     Defendant Missy Britton Birchfield is a resident of Texas, and is/was an across the street neighbor to the property owned by Brian Clay Earle.  At all times relevant to this cause, MISSY BRITTON BIRCHFIELD was operating as an individual.  MISSY BRITTON BIRCHFIELD is being served in her individual capacities.  MISSY BRITTON BIRCHFIELD may be served at physical location:                     , Yantis, TX       ;  mailing address:                     Yantis, TX       .

13.     At all times material throughout this complaint, Defendant KEVIN ATKINSON acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Wood County Sheriff Department and pursuant to the Wood County Sheriff Department customs, policies, and  practices which were the moving force behind the constitutional violations asserted herein.

14.     At all times material throughout this complaint, Defendant SAM THREADGILL acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Wood County Sheriff Department and pursuant to the Wood County Sheriff Department customs, policies, and  practices which were the moving force behind the constitutional violations asserted herein.

15.     At all times material throughout this complaint, Defendant JAMES HILDEBRAND acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Wood County Sheriff Department and pursuant to the Wood County Sheriff Department customs, policies, and  practices which were the moving force behind the constitutional violations asserted herein.

17.    At all times material throughout this complaint, Defendant JIM WHEELER acted under color

of state law, ordinance, and/or regulation, and in the course and scope of his employment with the

Wood County District Attorney  and pursuant to the Wood County District Attorney customs, policies,

and  practices which were the moving force behind the constitutional violations asserted

herein.

18.    At all times material throughout this complaint, Defendant JIM BROWN acted under color of

state law, ordinance, and/or regulation, and in the course and scope of his employment with the Wood

County Sheriff Department and pursuant to the Wood County Sheriff Department customs, policies,

and  practices which were the moving force behind the constitutional violations asserted

herein.

19.    At all times material throughout this complaint, Defendant JUAN RAMIREZ acted under color

of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Alba

Police Department and pursuant to the Alba Police Department customs, policies, and  practices which

were the moving force behind the constitutional violations asserted herein.

20.    At all times material throughout this complaint, Defendant TOM MILLER acted under color of

state law, ordinance, and/or regulation, and in the course and scope of his employment with the Alba

Police Department and pursuant to the Alba Police Department customs, policies, and  practices which

were the moving force behind the constitutional violations asserted herein.

21.    At all times material throughout this complaint, Defendant MISSY BRITTON BIRCHFIELD

acted individually using color of state law, ordinance, and/or regulation, and pursuant to the Wood

County Sheriff Department customs, policies, and  practices which were the moving force behind the

constitutional violations asserted herein.

## FACTS COMMON TO ALL COUNTS

**NOTE:  The majority of facts related below are captured on video by body cams worn by Kevin Atkinson, Sam Threadgill, James Hildebrand, and Juan Ramirez.**

24.     On or about May 11, 2015, Missy Britton Birchfield was a resident at CR 1885, Yantis, Texas

25.     On or about May 11, 2015, approximately 11:00pm Missy Britton Birchfield made a noise complaint with the Wood County Sheriff Department 911 Dispatcher, at approximately 11:30pm.

26.     On or about May 11, 2015, Missy Britton Birchfield reported that a white Ford flatbed truck was racing up and down the road, gunning the engine, and making a huge noise.

26.     On or about May 11, 2015, Wood County Sheriff Department 911 Dispatcher, asked Birchfield who was making the noise.

27.     On or about May 11, 2015, Birchfield replied she wasn't sure.

28.     On or about May 11, 2015 Dispatcher asked Birchfield if it was "Sean Earle?"

29.     On or about May 11, 2015 Birchfield replied, "Yes, it was Sean Earle."

30.     On or about May 11, 2015, Kevin Atkinson was a Deputy with the Wood County Sheriff Department.

31.     On or about May 11, 2015, at approximately 11:45pm Wood County Sheriff Deputy Kevin Atkinson was parked in a private property driveway a short way from  219 CR 1885, Yantis, with his lights off.  County Road 1885 is a rural single lane oil topped road in wood county.

32.     On or about May 11, 2015, Sean Earle and Brooke Hayward were traveling toward their home on CR 1885, Yantis, TX,  in an older Dodge pickup which they had just bought a few hours earlier. Sean and Brooke had just taken showers at their neighbors and were returning home to the 219 CR 1185 property owned by Plaintiff Brian Clay Earle, which was in the process of being remodeled.

33.     On or about May 11, 2015, Atkinson activated his lights and siren and pulled out of a private driveway behind Sean Earle.

34.     On or about May 11, 2015, with the sheriff vehicle lights blazing and siren blaring behind him, Sean Earle continued forward another 50 yards or so, and pulled into his driveway at 219CR 1885, Yantis, TX.  Sean Earle was not able to pull over immediately when he saw Atkinson's law enforcement vehicle behind him because it had been raining and the ditches on the side of the single lane oil topped road were full of water and very muddy.

35.     On or about May 11, 2015, at approximately 12:00am, Wood County Sheriff Deputy Kevin Atkinson, with siren blaring and lights blazing, pulled into the private driveway of 219 CR 1885, (property owned by Plaintiff Brian Clay Earle), behind Sean Earles' newly purchased older Dodge pickup..

36.     On or about May 11, 2015,  Atkinson got out of his vehicle, leaving the lights blazing and siren blaring.

37.     On or about May 11, 2015, Sean Earle and Brook Hayward, who had a bath towel wrapped around her head from just taking a shower, both started to walk toward Atkinson, on the driver side of the Dodge pickup, they had just purchased a few hours earlier.

38.     On or about May 11, 2015, while Sean and Brooke were lawfully on their own property, at their own home,  Atkinson begins shouting  at Sean Earle and Brook Hayward, "Stand right there!  Stand right there!"  Atkinson continues shouting, "Face your truck!"  "Face your truck!" Atkinson is holding a gun pointed toward Sean Earle and Brooke Hayward.

39.     On or about May 11, 2015, and at all times relevant, Kevin Atkinson was acting as an agent and/or employee of Wood County Sheriff Department.

40.   On or about May 11, 2015, Atkinson fails to inform Sean and Brooke what he is doing on their private property and gives them no reason for his conduct, the sirens or the flashing red and blue lights.

39.     On or about May 11, 2015, Sean Earle and Brook Hayward, looking very bewildered, with hands out in front of them, turn to face the rear of their Dodge truck and put their hands on the top of

the tailgate, in response to Atkinson screaming at them.  The siren on Atkinson's vehicle is still blaring and the lights are still flashing.

40.     On or about May 11, 2015, Atkinson escalates his tone of voice and commands Sean Earle and Brooke Hayward, "Put your hands behind your back!  Put your hands behind your back!"

41.     On or about May 11, 2015, Sean Earle and Brooke Hayward put their hands behind their back, in response to Atkinson screaming at them, still pointing his gun at them.

42.     On or about May 11, 2015, with siren still blaring and lights blazing, Atkinson approaches Sean Earle from behind and puts hand-cuffs on Sean.  Atkinson fails to mirandize Sean, and fails to read Sean his rights.

43.     On or about May 11, 2015, Atkinson commands Brooke to "stand right there!"

44.     On or about May 11, 2015, Atkinson grabs Sean by the hands, hand-cuffed behind Sean's back, and pushes him toward Atkinson's patrol car, surrounded by mud everywhere.

45.     On or about May 11, 2015, Atkinson pushes Sean up against the patrol car and commands, "You stay right there!"

46.     On or about May 11, 2015, Atkinson finally turns off the siren and lights on his patrol car.

47.     On or about May 11, 2015, Kevin Atkinson was acting as an agent and/or employee of the Wood County Sheriff Department.

47.     On or about May 11, 2015, Atkinson stands behind Sean Earle and asks, "What you got on you, man?"  Atkinson begins searching Sean Earle's pockets.

48.     On or about May 11, 2015, Sean Earle responds, "I got nothin' on me.  I got my billfold."

49.     On or about May 11, 2015, Atkinson asks Sean Earle, "Why didn't you listen to me when I tell you to stop?  And, why didn't you stop when you saw my lights?  Huh?"

50.     On or about May 11, 2015, Sean Earle responds to Atkinson, "What you are talking about? My driveway's right here.  I figured  I'd pull my truck..."

51.     On or about May 11, 2015, before allowing Sean to finish his explanation, Atkinson starts shouting "You want to go to jail for evading arrest tonight?"

52.     On or about May 11, 2015, Sean Earle answers Atkinson, "Absolutely not."

53.     On or about May 11, 2015, Atkinson says, "Or do you want to start… Okay, then don't play games with me."

54.     On or about May 11, 2015, Sean Earle answers Atkinson, "Sir...Listen to me. I promise you, you're over reacting. This...that… who made… who she called the cops on was not that truck… it was that white Ford flatbed… that was not me."

55.     On or about May 11, 2015, Atkinson points his finger in Sean's face and says, "We are here right now because you didn't stop when I turned on my red and blue lights."

56.     On or about May 11, 2015, Atkinson pulled out of a private driveway which was a mere 50 yards or less from Sean's driveway,  with siren's blazing and lights flashing

56.     On or about May 11, 2015, Sam Threadgill states in the background, "Put him in your car, man."

57.     On or about May 11, 2015, Sam Threadgill was acting as an agent and/or employee of the Wood County Sheriff Department.

57.     On or about May 11, 2015, Sam Threadgill failed to mirandize Sean Earle and failed to read him his rights.

57.     On or about May 11, 2015, Sam Threadgill failed to inform Sean Earle of the charges being waged against him.

57.     On or about May 11, 2015, Atkinson states to Sean Earle, "You're going to jail tonight for a felony, son."

58.     On or about May 11, 2015, Atkinson begins to remove items from Sean's pockets.

59.     On or about May 11, 2015, Sean Earle asks Atkinson, "Where did you hit your lights on."

60.     On or about May 11, 2016,  Sam Threadgill approaches Atkinson and Earle, coming into the property from the street flashing his flashlight.

61.     On or about May 11, 2015, Atkinson answers Sean Earle, "right there at the neighbors house, about 50 yards down the road."

62.     On or about May 11, 2015, Sean Earle states, "Right there, at that white satellite dish, right?"

63.     On or about May 11, 2015, Atkinson states to Sean Earle, "What does red and blue lights mean, man?  It means pull over to the right hand side of the road and stop, correct?"

64.     On or about May 11, 2015, Sean Earle states, "Whenever they're behind me.  How could I have… I didn't know ..."

65.     On or about May 11, 2015, Atkinson states, "Didn't I pull out in the road and turn my sirens on as you drive by?"

66.     On or about May 11, 2015, Sean Earle says, "I didn't know what you were doing, man. Honestly, I'm not trying to cause any problems here."

67.     On or about May 11, 2015, Atkinson laughs as he says, "You don't know what I'm doing?" Atkinson continues to check Sean Earle's pockets.

68.     On or about May 11, 2015, Sean Earle states, "Why the neighbor's called the cops is not me.  I promise."

69.     On or about May 11, 2015, Atkinson says to Sean, "You're missing the point here.  The point is that you didn't stop.  It has nothing to do with them.  Alright?"

70.     On or about May 11, 2015, Sean Earle says, "What was the problem...what was the cause of me getting pulled over?  Why were you hitting your red and blues, seriously?"

71.     On or about May 11, 2015, Atkinson starts pushing Sean Earle into the back of his patrol car.

72.     On or about May 11, 2015, Atkinson replies, "We had noise complaints.  Loud vehicles coming up and down the road.  I heard you reeving your truck up there."

73.     On or about May 11, 2015, as he is getting into the rear seat of the partol vehicle, Sean Earle says, "That old truck right there?  It is a stock truck and it's as quiet as a mouse. I promise you. It is NOT loud.  It is..."

73.     On or about May 11, 2015, Atkinson reponded to a noise complaint about a white Ford flatbed truck racing up and down the road, yet now is arresting Sean Earle, without ever listening or considering he had the wrong person and the wrong truck.

74.     On or about May 11, 2015, Atkinson says, "Get in.  I'm not going to tell you again."  Atkinson closes the door, with Sean inside.

75.     On or about May 11, 2015, Sam Threadfill, arrests Brooke Hayward, with her hands behind her back, standing at the rear of the old dodge pickup.

76.     On or about May 11, 2015, Sam Thread gill failed to mirandize Brooke or read her rights.

76.     On or about May 11, 2015, Atkinson walks up behind Brooke and Threadgill.

77.     On or about May 11, 2015, Brooke walks forward to a car under the carport, to obtain her drivers license for the deputies.

78.     On or about May 11, 2015, Brooke finds her wallet on the dashboard of the old Dodge truck, and steps out of the truck and presents her I.D. to the officers.

79.     On or about May 11, 2015, Atkinson says to Brooke, "If you don't mind, you can just wait right here while we get this straightened out, okay miss?"

79.     On or about May 11, 2015, Sean Earle was searched and no weapons, illicit drugs, or contraband were located.

79.     On or about May 11, 2015, Brooke Hayward was searched and no weapons, illicit drugs, or contraband were located.

79.     On or about May 11, 2015, Sean Earle's newly purchased older Dodge truck was searched and no weapons, illicit drugs, or contraband were located.

80.    On or about May 11, 2015,  Threadgill states, "You've got ah...Who is this here?  Is this Sean?"

81.    On or about May 11, 2015, Atkinson says, "...the oldest one...Sean."

82.    On or about May 11, 2015,  turning away from Brooke and the old Dodge truck, and walking toward Atkinson's patrol vehicle, Threadgill says, "Did you get his driver's license?"

83.    On or about May 11, 2015, turning away from Brook and the old Dodge truck, and following Threadgill back to Atkinson's patrol vehicle, Atkinson says, "I pulled some stuff out of his pockets."

84.    On or about May 11, 2015, Atkinson and Threadgill take Sean's wallet off the roof of Atkinson's patrol vehicle and start going through it.

85.    On or about May 11, 2015, a male dressed in overalls walks up between the old Dodge truck and Atkinson's patrol vehicle.   It is believed that this man is Kevin Wood, who is the owner of the white Ford truck that was reported by Missy Britton Birchfield as making all the loud noise.

86.    On or about May 11, 2015, Atkinson says to the male, "Can I help you?"

87.    On or about May 11, 2015, the male responds, "I seen the lights on and wanted to see what's going on."

88.    On or about May 11, 2015, Atkinson says, "Okay, well you can see what's going on from over there, sir."

89.    On or about May 11, 2015, the male starts walking toward the carport, close to the old Dodge truck.

90.    On or about May 11, 2015, Threadgill starts walking toward the male saying, "Where do you live?  Hey bud… What'd he just say?"

91.    On or about May 11, 2015, the male says, "Oh hell, I'll go back home."

92.    On or about May 11, 2015, Threadgill says, "Okay, bye!"

93.    On or about May 11, 2015,  Threadgill walks back to his patrol car, gets in and prepares to leave the property at 219 CR 1885.

94.     On or about May 11, 2015, Atkinson follows Threadgill out to Threadgill's patrol car, leaving

Sean locked in Atkinson's patrol car, and Brooke standing at the rear of the old Dodge truck.

95.     On or about May 11, 2015, Atkinson starts talking to Threadgill, and highlights the place where

Atkinson was sitting with his lights off, only a very short distance from Sean's driveway.  It is clear that

the whole area is rain soaked and very muddy.

96.     On or about May 11, 2015, Atkinson states, "He started to come by, and I inched forward a little

bit, and he sped up, and when he got real close I hit my sirens and turned on my lights and everything.

And he just comin' and comin'… so I put it in reverse and flipped around and came out on him.  Pulled

up right behind him here, and he gets out and starts walking toward his house, and I say Hey! And I

start screamin' at him... Get back over here!  And he says, You mother fucker… you're over reacting…

what is wrong with you… you're over reacting…  this, this, and that.  I said, get back over here now,

and he just stands there and don't listen to me.  So, I mean… just like his Dad… you know.   But,

yah… when they were at that house, they were reeving real loud, and he started to come out, and so

based off their complaints "

98.     On or about May 11, 2015, Atkinsons says to Threadgill, "I'm gonna go check on that gal up

there."  Atkinson walks to his patrol car, and then walks back to Threadgill.

99.     On or about May 11, 2015, Atkinson says to Threadgill, "I guess we can watch the video to

work with the evading…  I mean it was a short distance, but still, I don't really see how that's relevant

(12:12 Bdy Cam Video) … in the code you know, . "

100.    On or about May 11, 2015, Threadgill says to Atkinson, "You were pulled up in that driveway

there?"

101.    On or about May 11, 2015, Atkinson says, "(I was like in the driveway, like the way you are

parked now… but, in their driveway… and when I saw him coming, uh, you know, I put it in park and

turned on my lights, and he kept coming, so I turned on my red and blues, and he kept – he sped up…

and, you know,  he speeds up, and so I start to inch out and turn my sirens on and he comes over here

and pulls in here, and I flip around on him… and like I said, he doesn't obey any of my orders when he

comes out of the car… he doesn't follow any of my instructions… I had to start screamin' at him…you

know… and, uh… and then he… he just starts calling me a mother fucker...”

102.    On or about May 11, 2015, Threadgill says, “Yeah, works it… Sound good to me.”

103.    On or about May 11, 2015, Atkinson says, “You mind getting statements from all these people.”

104.    On or about May 11, 2015, Threadgill says, “How many people we got?”

105.    On or about May 11, 2015, Atkinson says, “Uh, we got her...”  Then flashing his flash light

toward Missy Britton Birchfield's house, he says, “Hey, mam… can we get a statement from you?  You

can wait right there.  We'll send an officer over there.”

106.    On or about May 11, 2015, Threadgill says, “Yeah, I say we take him to jail 'cause it's almost

midnight, and he's out here acting like that.”

107.    On or about May 11, 2015,  Atkinson says to Threadgill, “Make sure to get everything relevant,

because I know that they saw him, and they saw me pull out, and they saw me light 'em up, and they

saw everything.”

108.    On or about May 11, 2015, Threadgill says, “Dispatch says on the radio that it was Sean Earle.

That's Sean Earle right there.”

109.    On or about May 11, 2015, Atkinson says, “Oh Yeah, but I meant for the evasion...If we do

anything about the evasion.  They saw everything I just told you… they saw it happen.”

108.    On or about May 11, 2015, Atkinsons says to Threadgill, “Hey… do we tow this?” and walks

back to the road to speak with Threadgill.

109.    On or about May 11, 2015, Threadgill responds, “It was used in a felony crime.”

110.    On or about May 11, 2015,  Atkinson says, “Yeah, plus may need the wrecker to get me out,

too.”  Both Atkinson and Threadgill start laughing.

111.   On or about May 11, 2015, Threadgill says, "Do they live here?  Is somebody living here now?"

112.   On or about May 11, 2015, Atkinson says, "I don't know.  I'll find out."

113.   On or about May 11, 2015, Atkinson walks back to the old Dodge pickup.  Brooke is on the cell phone.  Atkinson says, "Are you trying to hide?  Why are you crouched down here on your phone?  Is it 'cause I told you not to be moving around, but you do it anyway?"

114.   On or about May 11, 2015, Atkinson orders Brooke, "Come on."  He starts looking in the back of the old Dodge pickup.

115.   On or about May 11, 2015, Atkinson says, "There's going to be a wrecker come get this vehicle.  Do you need anything out of it?  Do you need anything out of the vehicle… your purse or anything like that?"

116.   On or about May 11, 2015, Brooke says "No."  Brooke turns to open the driver door of the old Dodge pickup.

117.   On or about May 11, 2015, Atkinson says, "Did you call his Dad?"

118.   On or about May 11, 2015, Brook says, "I'll call whoever I want to."

119.   On or about May 11, 2015, Atkinson says, "What's the problem?  I don't know why you are so hostile?"  All during this, Atkinson is walking around looking at the license plates and the VIN number on the old Dodge pickup.

120.   On or about May 11, 2015, Atkinson says, "But, did you call his Dad?  Cause if he comes in here whooping and hollerin…"

121.   On or about May 11, 2015, Brooke says, "I'll call who I fuckin' want to."

122.   On or about May 11, 2015, Atkinson says, "Mam, You can.  That's perfectly fine."

123.   On or about May 11, 2015, Brooke says, "Alright, then why are you asking me questions?"

124.   On or about May 11, 2015, Atkinsons says, "Cause he's gonna be angry, and I wanna know if he comes down here, so  I know what to expect."

125.    On or about May 11, 2015, Brooke says, "You expect what you want to then."

126,    On or about May 11, 2015, Atkinson responds, "Okay."

127.    On or about May 11, 2015, Brooke says, "You obviously know his Dad."

128.    On or about May 11, 2015, Brooke says, "This truck is where it belongs, so I don't know why you are reading the tags on it."

129.    On or about May 11, 2015, Atkinson says, "Cause the tags don't match."

130.    On or about May 11, 2015, Brooke says, "It can do whatever it wants to.  It's where it's supposed to be."

131.    On or about May 11, 2015, Atkinson says, "No.  It's unlawful to have unmatching tags."

132.    On or about May 11, 2015, Atkinson walks back to his patrol vehicle, and speaks with dispatch. Sean Earle, still locked inside, says, "Please, can I step outside and talk to you? I'm not trying to make a fuss.  I, I…  Can I please just step out and talk to you?  You can keep me in hand-cuffs, I don't care..."  Atkinson is back speaking with dispatch about mismatched tags.

133.    On or about May 11, 2015, Brian Clay Earle drives up in his diesel pickup.  He gets out of the pickup, leaves the motor running.  Brian Clay Earle (Clay) says, "Get that light out of my face."

134.    On or about May 11, 2015, Atkinson is shining his Taser/flashlight into Clay's face.  Atkinson says, "Step back.  Step back, now!", as Clay is walking toward Atkinson.  There is a very large mud puddle to Clay's right – Atkinson's left.

135.    On or about May 11, 2015, Clay says, "I'm not stepping back.  This is my property."

136.    On or about May 11, 2015, Atkinson continues to escalate and yell, "Step back! Step Back, now!"  Atkinson raises his Taser pointed at Clay.

137.    On or about May 11, 2015, Clay says, "Get that light out of my face."

138.    On or about May 11, 2015, Atkinson escalates and loudly yells, "Step back!  Are you armed?"

139.    On or about May 11, 2015, Clay says, "Get that light out of my face.  Get that light out of my face."

140.    On or about May 11, 2015, Atkinson says, "It isn't shining in your face.  It's shining on your legs."

141.    On or about May 11, 2015, Clay says, "I can't see."

142.    On or about May 11, 2015, Atkinson says, "You take one step toward me and you're getting it, you hear me."

142.    On or about May 11, 2015, Kevin Atkinson threatened Brian Clay Earle with bodily injury by pointing his Taser at him and saying, "You take one step toward me and you're getting it, you hear me."

143.    On or about May 11, 2015, Clay says, "I'm getting what?"

142.    On or about May 11, 2015, Atkinson says, "You're getting tazed."

143.    On or about May 11, 2015, Clay says, "I'm getting tazed?"

144.    On or about May 11, 2015, Atkinson says, "Step back!"

145.    On or about May 11, 2015, Clay says, "Get the light out of my face. I'm not movin' nowhere."

146.    On or about May 11, 2015, Atkinson moves toward Clay, and says, "Turn around. Put your hands behind your back. Turn around. Put your hands behind your back."

147.    On or about May 11, 2015, Clay is standing – not moving in any direction - with his hands open, arms forward and out to his sides.

148.    On or about May 11, 2015, Atkinson says, "Turn around.  Put your hands behind your back."

149.    On or about May 11, 2015, Clay says, "I'm just standing here.  I ain't done nothin' to you… I just got out of my truck..."

150.    On or about May 11, 2015, Atkinson moves very quickly toward Clay shining his light in Clay's face so Clay can't see, and says, "Turn around. Put your hands behind your back. Put your hands behind your back" and  grabs Clay's arm and spins him around.

151.   On or about May 11, 2015, Clay says, "Are you arresting me?  For what?"

152.   On or about May 11, 2015, Atkinson says, "Put your hands behind your back.  Put your hands behind your back."  Clay is just standing there.

152.   On or about May 11, 2015, Atkinson fires his Taser driving the hot leads into Clay's back. Once hit, Clay falls instantly on his right hip and right shoulder, in the mud.  Atkinson continues to shoot Clay many, many times with rapid fire electric pulses of the Taser.

152.   On or about May 11, 2015, Kevin Atkinson commited bodily injury to Brian Clay Earle's body with his Taser.

153.   On or about May 11, 2015, Kevin Atkinson used force and/or threat of force to cause Brian Clay Earle to slam directly to the ground without anything to break or cushion his fall.

153.   On or about May 11, 2015, Brian Clay Earle was considered a senior citizen, who is under doctor's care for diabetes, and doctor's care for serious neck and back injuries from a car crash several months before. Due to damage to his shoulders from old injuries, Clay is physically unable to move his hands behind his back.

153.   On or about May 11, 2015, Clay is writhing in pain on the ground, in a mud puddle, as Atkinson continues to shoot Clay with many rapid fire electric pulses.  Clay is screaming in pain.  Atkinson moves in on Clay, kneels on the body of Brian Clay Earle, and brutally places his Taser at the base of Clay's skull.

154.   On or about May 11, 2015, Atkinson recklessly and unrelentingly uses the force of his own body on top of Clay's body, along with the force of his Taser on Clay, in rapid fire succession.  Clay is screaming get off me.

155.   On or about May 11, 2015, Atkinson says, "Stop resisting.  Stop resisting.  Put your hands behind your back."

156.   On or about May 11, 2015, Brooke runs up and screams, "Stop it!  Stop it!"

157.    On or about May 11, 2015, Atkinson is still using brutal force of his Taser, now a little lower than the base of Clay's skull.

158.    On or about May 11, 2015, Brooke is screaming for Atkinson to stop.  Threadgill has come up and says, "Mr. Earle, put your hands behind your back."  Clay is obviously not able to understand. Atkinson is yelling loudly, "Please put your hands behind your back."

159.    On or about may 11, 2015, Atkinson says, "Put your hands behind your back.  I'm gonna taze you again if your don't put your hands behind your back." Atkinson is again holding his Taser to the back of Clay's skull at the brain stem area.

160.    On or about May 11, 2015, Clay starts saying, "Let me up.  I've been to the doctor with a messed up back.  I've got a messed up back.  You're messing me up. I can't put my hands behind my back."

161.    On or about May 11, 2015, Atkinson says, "That's why I wanted you to do it my way."

162.    On or about May 11, 2015, Atkinson is still holding Clay face down in the wet mud, with his Taser at the base of Clay's skull.

Clay says, "I can't put my hands behind my back." Atkinson says, "You're gonna have to."

163.    On of about May 11, 2015, Clay says, "I can't do it. I can't put my hands behind my back. You need to get off of me."

164.    On or about May 11, 2015, Atkinsons says, "How can we do this in a way that won't mess up your back?"

165.    On or about May 11, 2015, Clay says, "Just leave me alone.  I'm just standing here..."

166.    On or about May 11, 2015, Atkinson says, "You're going to jail tonight, okay?"

167.    On or about May 11, 2015, Clay says, "For what?"

168.    On or about May 11, 2015, Atkinson says, "I had you..."

169.    On or about May 11, 2015, Clays says, "I just get out of my truck.  I ain't done nothin' wrong."

170.    On or about May 11, 2015, Atkinson says, "Sir, you are going to jail tonight." Atkinson is still holding his Taser to the base of Clay's skull at the brain stem.

171.    On or about May 11, 2015, Brooke has been screaming for Atkinson to stop. Threadgill throws Brooke to the ground.

172.    On or about May 11, 2015, Atkinson, still holding Clay down in the mud, holding his Taser to the base of Clay's skull, says, "Get her now! Sam, get her now! Get your Taser! Get your Taser!

173.    On or about May 11, 2015, Sean Earle, still locked in the patrol car, watching Atkinson continuously Taser his Dad, and Threadgill throw Brooke to the ground, Sean got his handcuffs around to the front of him, and kicked out the rear patrol car window, to aid his family. Sean comes up to Atkinson, and says, "Get off of him! Get off of him, now!" Sean starts screaming at Threadgill who is wrestling with Brooke on the ground, "That's my wife! That's my wife. Stop it! "

174.    On or about May 11, 2015, Atkinson reaches around to the front of Clay and starts to put handcuffs on him, all the while holding his Taser to the back of Clay's skull. Clay pushes Atkinsons hands away. Atkinson starts tazing Clay with rapid fire electric pulses to the base of Clay's brain!

175.    On or about May 11, 2015, Clay is writhing on the ground, yelling, "Stop it! My neck!"

176.    On or about May 11, 2015, Atkinson says, "You're getting yourself in trouble."

177.    On or about May 11, 2015, Clay says, "I can't put my hands behind my back."

178.    On or about May 11, 2015, Atkinson says to Clay, "Stand up. Stand up."

179.    On or about May 11, 2015, Clay says, " I can't stand up. Get off me."

180.    On or about May 11, 2015, Atkinson says, "I'll help you up."

181.    On or about May 11, 2015, Clay says, "I don't know what you are doing this for. I didn't do nothin'."

182.    On or about May 11, 2015, Clay is attempting to stand up. Atkinson is still holding his Taser to the base of Clay's skull.

183.     On or about May 11, 2015, Atkinson begins speaking to dispatch, "Get us backup.  We need back up now.  Get us backup."

184.     On or about May 11, 2015, Sean is saying, "Get him away from him", in the background

185.     On or about May 11, 2015, Clay is saying, "Get off me.  Just get off me."

186.     On or about May 11, 2015, Atkinson says, "I'm not on you sir" while holding his Taser to the middle of Clay's back.

187.     On or about May 11, 2015, Clay says, "I ain't even done nothin'.  I don't know what is going on… I'm standing right over there and he just came up and shot me."

188.     On or about May 11, 2015, OFFICER, says, "Go ahead and put your hands behind your back."

189.     On or about May 11, 2015, Clay says, "I can't put my hands behind my back."

190.     On or about May 11, 2015, OFFICER, puts handcuffs on Clay and says, "Let's do it like that then, just for the time bein'."

191.     On or about May 11, 2015, Clay says to the OFFICER, "This guy right here, there's something wrong with him."

192.     On or about May 11, 2015, the OFFICER says, "I know, but I need you to listen to me… I need you to listen to me, and cooperate, okay."

193.     On or about May 11, 2015, Clay says, "This is my property, same as that over there.  I just drove up and asked what was going on...just nicely… didn't say nothin' …  "

194.     On or about May 11, 2015, Atkinson asks, "What are you all doin'"  A male voice says, "We here checking on our family.  There's no threat, don't worry."  Atkinson says, "They're alright.  Go ahead and get back, they're alright."

195.     On or about May 11, 2015, Brooke speaks to Atkinson about Clay.  Brooke says, "Why is he being detained?"

196.    On or about May 11, 2015, Atkinson replies, "Interfering with an investigation and Resisting arrest."

197.    On or about May 11, 2015, Brooke asks Atkinson, "Do you have proof why he should be under arrest in the first place?"

198.    On or about May 11, 2015, Atkinson replies, "Yes, mam.  Interfering with an investigation.  He came up behind me while I'm in here conducting an investigation, he refused to listen to anything I said,  he was being hostile.  I saw him tuck something into his waistband, and I know he goes around armed...(referring to Clay)…  everywhere he goes he's armed.  You know as well as I do, okay?"

199.    On or about May 11, 2015, Brooke asks Atkinson, "Why am I being detained?"

200.    On or about May 11, 2015, Atkinson says, "You were resisting arrest and you attacked an officer."

(clay tazed at 24.08...Atkinson bdy cam)

## DAMAGES

400.    Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts andor omissions.

401.    Plaintiff suffered compensatory, special, and punitive damages for the following:

      a)  Extreme mental anguish and emotional distress as a result of being falsely arrested, phyusically assaulted, and battered by Defendant Kevin Atkinson;

      b)  Extreme phuyysical abuse, mental anguish, and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Kevin Atkinson subjected Plaintiff.

      c)  Violation of Plaintiff's civil rights by Kevin Atkinson, Sam Threadgill, James Hildebrand, Juan Ramiez, Tom Miller'

      d)  Punitive damages for egregious acts and omissions of Defendants Kevin Atkinson, Sam Threadgill, James Hildebrand, and Juan Ramierez and Tom Miller.

402.    Plaintiff is entitled to attorney's frees for litigation of this matter.

403.    Plaintiff requests and is entitled to a trial by jury.

## PRAYER FOR RELIEF

Brian Clay Earle prays for judgment on her behalf and against all defendants jointly, severally, and in solido, as follows:

      a. Compensatory, special, and punitive damages;

      b. The cost of this action and reasonable attorney fees as provided by 42

U.S.C. § 1983;

c. Judicial interest from date of judicial demand;

d. Trial by jury; and Such further relief as this Comt deems just and

equitable.

Dated: _*9th*_ day of _*May*_____, 2017

Respectfully Submitted,

_____

Brian Clay Earle