IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRIAN CLAY EARLE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:17-CV-281 |
| | § | |
| KEVIN ATKINSON, *et al*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants City of Alba Police Officers Juan Ramirez, Tom Miller, and Tim Koonce's Motion for Summary Judgment (ECF 65) and Defendants Kevin Atkinson, Sam Threadgill, James Hildebrand, Tom Castloo, Jim Brown, and Jim Wheeler's Motion for Summary Judgment (ECF 66). The case is assigned to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636. For the reasons set forth below, the Court **GRANTS** the motions for summary judgment.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this lawsuit on May 9, 2017, concerning events that occurred on May 11, 2015. He filed an amended complaint on May 19, 2017 identifying thirteen counts against the following defendants: (1) Kevin Atkinson, (2) Sam Threadgill, (3) James Hildebrand, (4) Tom Castloo, (5) Jim Wheeler, (6) Jim Brown, (7) Wood County, Texas, (8) Juan Ramirez, (9) Tom Miller, (10) Tim Koonce, (11) City of Alba, Texas, and (12) Missy Britton Birchfield. The claims against Missy Birchfield were dismissed on November 3, 2017.

Plaintiff alleges that Missy Birchfield called in a noise complaint to the Wood County Sheriff's Department at approximately 11:00 or 11:30 p.m. on May 11, 2015 concerning a truck

1

racing up and down the road, gunning the engine and making a lot of noise. A Wood County Sheriff's Office Deputy, Kevin Atkinson allegedly responded and spoke to Birchfield. Deputy Atkinson later pulled over a truck driven by Plaintiff. Plaintiff alleges that Deputy Atkinson subjected him to an excessive use of force, including the use of a taser, false arrest and false imprisonment. Plaintiff alleges that Sergeant Threadgill, James Hildebrand, Chief Deputy Castloo, and Sheriff Jim Brown are liable for failing to adequately supervise Deputy Atkinson and for failing to protect him. Plaintiff asserts that District Attorney Jim Wheeler wrongfully brought charges against him and then dismissed the charges. Plaintiff submits that Wood County is liable for the actions of its employees and is additionally liable for failing to establish a policy for the safe use of tasers by law enforcement officers and for failing to adequately train its employees. The Alba defendants—City of Alba Police Sergeant Juan Ramirez, City of Alba Police Officer Tom Miller and Chief of Police Tim Koonce—allegedly failed to supervise and manage Atkinson and the City of Alba failed to enact a policy concerning the safe use of tasers by law enforcement.

The Court entered an agreed Discovery Order (ECF 40) limiting discovery in this case to the issue of qualified immunity. The Court's Docket Control Order (ECF 41) provided a deadline for discovery related to the issue of qualified immunity and established a deadline for the filing of dispositive motions on the issue of qualified immunity. An Amended Docket Control Order (ECF 63) extended the deadline for filing dispositive motions on the issue of qualified immunity.

Defendants City of Alba Police Officers Juan Ramirez, Tom Miller, and Tim Koonce (the "City of Alba Defendants") filed a Motion for Summary Judgment (ECF 65). The individual City of Alba Defendants assert that they are entitled to qualified immunity. They submit that Officer Miller and Officer Ramirez responded to a radio call from the Wood County Sheriff's Office for assistance and arrived on the scene after Plaintiff was arrested and in the custody of Wood County

deputies. They left to respond to another call and then returned to assist the Wood County Sheriff's Office deputies. The City of Alba Defendants assert that Officer Ramirez escorted Plaintiff to an EMS Unit. They submit that neither Officer Ramirez nor Officer Miller used force against Plaintiff. Indeed, the City of Alba Defendants state that Officer Miller adjusted Plaintiff's handcuffs when he complained that they were tight. There was no further contact between the City of Alba police officers and Plaintiff and Police Chief Tim Koonce was not personally involved in the incident or arrest. In their Statement of Undisputed Material Facts, The City of Alba Defendants assert:

   a. All of the Alba Defendants were at all times acting under color of law.
   b. The incident in question, including the arrest/detention of the Plaintiff occurred on May 11, 2015, and May 12, 2015 in the City of Yantis, Texas.
   c. Defendants Ramirez and Miller did not participate in the alleged use of force in question, or in the actual arrest of the Plaintiff. The arrest was executed by Wood County Sheriff's Department deputies.
   d. Alba Police Officers Ramirez and Miller became involved in the incident in question when they responded to a radio call for assistance placed by Wood County Sheriff's Department personnel.

*See* Defendants City of Alba Police Officers Juan Ramirez, Tom Miller, and Tim Koonce's Motion for Summary Judgment (ECF 65), at *2-3. Although not related to the issue of qualified immunity, the City of Alba Defendants additionally argue that dismissal of the City of Alba is appropriate because Plaintiff has not established the violation of a constitutional right sufficient to maintain a claim for municipal liability.

Defendants Kevin Atkinson, Sam Threadgill, James Hildebrand, Tom Castloo, Jim Brown, and Jim Wheeler (the "Wood County Defendants") also filed a Motion for Summary Judgment (ECF 66). In a "Statement of Material Facts,"[1] the Wood County Defendants assert that Missy Birchfield called 9-1-1 at approximately 11:17 p.m. on May 11, 2015 and reported that Plaintiff's

---

[1] Local Rule CV-56(a) requires a motion for summary judgment to include a "Statement of Undisputed Material Facts." It is unclear from Defendants' motion whether they are asserting that these facts are disputed or undisputed.

son, Sean Earle, was revving his truck's engine and driving up and down County Road 1885 at a high rate of speed. Wood County Sheriff's Deputy Atkinson responded to the scene and heard the engine revving. He observed the vehicle pass in front of him and fail to stop at a stop sign. Atkinson then activated his emergency overhead lights and pursued the vehicle for a traffic stop. He activated his siren when the vehicle increased its speed. The Wood County Defendants allege that the vehicle evaded detention and pulled into a dark, muddy driveway. When the truck stopped, Sean Earle initially walked towards the residence but then stood behind the truck. Atkinson handcuffed him and seated him in the patrol car. Sean Earle's passenger, Brooke Hayward, was told to remain near the vehicle.

Plaintiff then arrived on the scene in his truck. Atkinson alleges that Plaintiff blocked his patrol car with his truck, reached towards his waist band, adjusted his shirt and reached back into his truck. Atkinson told Plaintiff to step back and the following exchange occurred:

| | |
|---|---|
| MR. B. EARLE: | Get that light out of my face. |
| OFFICER ATKINSON: | Hey. |
| MR. B. EARLE: | Get that light out of my face. |
| OFFICER ATKINSON: | Step back. |
| MR. B. EARLE: | I'm stepping right over here. |
| OFFICER ATKINSON: | Step back, step back now. |
| OFFICER ATKINSON: | Whose property - - |
| OFFICER ATKINSON: | Step back now. Step back - - |
| MR. B. EARLE: | Get that light out of my face. |
| OFFICER ATKINSON: | Are you armed? |
| MR. B. EARLE: | Get that light out of my face. |

| | |
|---|---|
| OFFICER ATKINSON: | Are you armed? |
| MR. B. EARLE: | Get that light out of my face. |
| OFFICER ATKINSON: | It's not in your face, sir. |
| MR. B. EARLE: | Yes, it is too. |
| OFFICER ATKINSON: | It's shining right at your legs. |
| MR. B. EARLE: | Get it down. |
| OFFICER ATKINSON: | Step back. |
| MR. B. EARLE: | You got it right at - - |
| OFFICER ATKINSON: | You take one step towards me, you are getting it. You hear me? |
| MR. B. EARLE: | Getting what? |
| OFFICER ATKINSON: | You're getting tased. |
| MR. B. EARLE: | I'm getting tased? |
| OFFICER ATKINSON: | Step back right now. |
| MR. B. EARLE: | Keep the light out of my face. |
| OFFICER ATKINSON: | Step back. |
| MR. B. EARLE: | I'm not moving nowhere - - |
| OFFICER ATKINSON: | Turn around and put your hands behind your back. Turn around and put your hands behind your back. Turn around, put your hands behind your back.<br><br>Come on and get over here. Turn around, put your hands behind your back. |
| MR. B. EARLE: | I'm just standing here, I ain't done nothing to you. I just got out of my truck. |
| OFFICER ATKINSON: | Turn around, put your hands behind your back. Put your hands behind your back. |
| MR. B. EARLE: | Are you arresting me? |

| | |
|---|---|
| OFFICER ATKINSON: | Put your hands behind your back. Put your hands behind your back. |
| MR. B. EARLE: | Okay. Listen - - |

(Sound of taser.)

*See* Defendants Kevin Atkinson, Sam Threadgill, James Hildebrand, Tom Castloo, Jim Brown, and Jim Wheeler's Motion for Summary Judgment, ECF 66-3, at *20–22 (Transcript of Body Cam Taperecording on Kevin Atkinson May 11, 2015).

Officer Atkinson then ordered Plaintiff to stop resisting and gave six more orders to put his hands behind his back. At that point, Atkinson stated that he has a bad back and cannot put his hands behind his back. *Id.* at *23. Atkinson repeatedly asked Plaintiff "how can we do this in a way that won't mess up your back" and attempted to help Plaintiff get up off of the ground. *Id*.

The Wood County Defendants argue that Atkinson had probable cause to believe Plaintiff was interfering with public duties because he was interfering with Atkinson's investigation. Prior to using the taser, Atkinson asserts that he attempted to handcuff Plaintiff but Plaintiff jerked his arms away. It was at that point that Atkinson states he backed away and used the taser.

The Wood County Defendants and the body camera footage portray a loud scene following the first use of the taser, with Ms. Hayward shouting obscenities at Atkinson and several other individuals approaching the scene and yelling. Atkinson submits that he was still concerned because he did not know whether Plaintiff was armed and Plaintiff continued to move around and jerk his hands. Sgt. Sam Threadgill arrived on the scene. Hayward continued to argue with Atkinson and pushed Threadgill when Threadgill attempted to intervene. Threadgill then attempted to place her under arrest. She was repeatedly instructed to sit in the police vehicle. While Atkinson and Threadgill were attempting to arrest Plaintiff and Hayward, Sean Earle, still

6

handcuffed, kicked out the window of the patrol vehicle and jumped out of the car. *Id.*, ECF 66-2, at *5 (Affidavit of Kevin Atkinson).

The body camera video footage shows Plaintiff refusing to be handcuffed after repeated statements by Atkinson to "please, put [his] hands behind his back" and to stop resisting. *Id.*, ECF 66-3, at *22. Atkinson warned Plaintiff that he would use the taser again if he did not put his hands behind his back. *Id.* Atkinson deployed the taser on Plaintiff a second time and continued to order Plaintiff to put his hands behind his back. When Atkinson attempted to help Plaintiff get up, Plaintiff told Atkinson "don't touch me" and "just get off of me." *Id.*, ECF 66-3, at *25. Plaintiff eventually stopped resisting and Atkinson helped him stand and handcuffed his hands in the front. Deputy Hildebrand arrived on the scene and photographed Plaintiff's body where the taser made impact. An ambulance was called to evaluate Plaintiff. Plaintiff was medically cleared by the EMTs and Plaintiff refused any further treatment. Plaintiff was then charged with Interfering with Public Duties and Resisting Arrest.

By way of background, Atkinson's affidavit includes information concerning previous interactions with law enforcement involving Plaintiff, Sean Earle and Plaintiff's other son, Conner. Atkinson asserts that Plaintiff and Sean Earle have exhibited "a disdain for law enforcement." *Id.*, ECF 66-2, at *1. During an investigation, Conner Earle told Atkinson that Plaintiff struck him with an AK-47 and pointed the gun to his head. *Id.* While Conner was talking to Atkinson, Plaintiff approached them with the AK-47 in his hands. *Id.* When asked by Atkinson, Plaintiff refused to put the weapon away. Atkinson also alleges that other law enforcement officers advised him to be cautious around Plaintiff because he told deputies in 2012 that he would shoot them if they came to his residence. *Id.* at *2.

Plaintiff was taken to the Wood County Jail. On initial examination, Plaintiff appeared normal with the exception of taser wounds that did not require further medical attention. Plaintiff was released from the jail the same day.

The Wood County Defendants assert that they are entitled to qualified immunity. Defendants argue that Plaintiff cannot establish an unlawful arrest because there was probable cause to arrest him for the offenses of Interference with Public Duties and Resisting Arrest. Further, Defendants assert that Plaintiff cannot establish a violation of the Fourth Amendment for excessive use of force because the totality of the circumstances warranted the force that was used by Atkinson. Defendants argue that a reasonable peace officer would have believed that the actions of each individual Wood County Defendant were lawful in light of clearly established law and the information they possessed at the time. Castloo and Brown assert that they were not personally involved in any of the events giving rise to this lawsuit and cannot be held liable merely in their capacities as supervisors. Finally, Defendants submit that Wheeler is entitled to prosecutorial immunity.

Plaintiff filed a combined response to both motions for summary judgment. Plaintiff's response does not dispute any of the factual allegations or summary judgment evidence submitted by Defendants and does not dispute Defendants' assertions of qualified or prosecutorial immunity. Instead, Plaintiff asserts that the motions should be denied because he has not received a recording from Hildebrand, paper copies of incident reports, a paper copy of Plaintiff's sworn complaint to the Wood County Sheriff's Department against Atkinson, or a procedure manual for City of Alba police officers. Plaintiff alleges that CD files received from counsel for the Wood County Defendants could not be opened.

The Wood County Defendants filed a reply brief objecting to Plaintiff's conclusory statements. Defendants assert that Plaintiff was provided the body camera recording of Deputy Hildebrand and all incident reports. They submit that they do not have a sworn complaint from Plaintiff against Atkinson or a City of Alba manual and that they would not be relevant to the issue of qualified immunity.

## SUMMARY JUDGMENT STANDARD

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and

inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id*.

## ANALYSIS

### I. Fourth Amendment Claims

#### A. Excessive Use of Force

The individual defendants assert the defense of qualified immunity. Qualified immunity is intended to shield government officials from liability for monetary damages for acts in the performance of discretionary functions that were objectively reasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738 (1982); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001).

The first step is to determine whether Plaintiff's constitutional rights were violated. *Estep v. Dallas County, Texas*, 310 F.3d 353, 363 (5th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001)). "If the facts viewed in the light most favorable to the plaintiff do not show a constitutional violation, the officer is entitled to qualified immunity." *Id*. Next, the Court must consider whether the right was clearly established at the time of the alleged violation. *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692 (1999). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). In other words, "would it be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 201–02. If it is determined that there was a violation of a clearly established

constitutional right, the third inquiry is whether the official's conduct was objectively reasonable. *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999), *cert. denied*, 531 U.S. 816, 121 S.Ct. 52 (2000).

To succeed on a claim of excessive use of force, a § 1983 plaintiff must show: (1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable. *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011). The Supreme Court has emphasized that the core judicial inquiry in an excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Court additionally emphasized that a use of force claim has subjective and objective components. In other words, a court must consider whether an official acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* at 8. Several factors are important in making an assessment of the situation. The claimant must allege and prove there was an "unnecessary and wanton infliction of pain." In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of forceful response." *Id.* at 7. (internal quotation and citation omitted). The Fifth Circuit has instructed the courts in this circuit to consider these five factors in analyzing excessive use of force claims. *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992); *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999). The Supreme Court additionally emphasized that the concept of what constitutes cruel and unusual punishment "draws its meaning from the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. at 8 (citations omitted).

A plaintiff must show that he suffered "at least some injury." *Jackson v. R.E. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). Handcuffing too tightly without more, for example, is not a constitutionally significant injury. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). A determination as to whether the force that was used was reasonable under the Fourth Amendment is determined "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008); *see also Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010).

The summary judgment evidence establishes that only Atkinson used force on Plaintiff during his arrest. The body camera footage submitted with the Wood County Defendants' motion for summary judgment shows that Atkinson used his taser on Plaintiff two times. The body camera video footage and Atkinson's affidavit show that Atkinson instructed Plaintiff to step back at least eight times before then instructing him to turn around and put his hands behind his back. Plaintiff did not respond when Atkinson asked if he was armed. Atkinson ordered Plaintiff to put his hands behind his back at least eight times before using his taser the first time. He also warned Plaintiff prior to using the taser that he would use the taser if Plaintiff did not comply. Atkinson instructed Plaintiff to stop resisting and told Plaintiff another six times to put his hands behind his back before deploying the taser a second time. The video footage shows Plaintiff refusing to be handcuffed and jerking his hand away when Atkinson attempted to cuff one side. As with the first time, Atkinson gave Plaintiff a warning that a failure to comply would result in use of the taser. Plaintiff's response to the motion for summary judgment does not dispute or controvert any of Defendant's evidence.

In this case, no specific injury is alleged by Plaintiff. Moreover, even if Plaintiff established an injury from the marks left by the taser leads, there has been no showing that

Atkinson used force during the arrest beyond what was necessary to gain control over Plaintiff and handcuff him. Notably, Atkinson used escalating commands before resorting to the use of a taser to gain control over Plaintiff. *See Pratt v. Harris County, Texas*, 822 F.3d 174, 182 (5th Cir. 2016). The taser was used in response to Plaintiff's continuous failure to comply with Atkinson's commands and resistance to handcuffing. "Officers may consider a suspect's refusal to comply with instructions . . . in assessing whether physical force is needed to effectuate the suspect's compliance." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per curiam). Under these circumstances, Plaintiff has not shown that Atkinson's use of his taser was "clearly excessive" or "unreasonable." *Rockwell v. Brown*, 664 F.3d at 991.

Plaintiff included allegations in the Amended Complaint that Atkinson pointed the taser to "the back of [his] skull at the brain stem area," that he used "the force of his own body on top of [Plaintiff's] body" and used the taser "in rapid fire succession." These allegations are wholly controverted by the video footage of the incident. *See* Plaintiff's First Amended Verified Complaint, ECF 6, at *30–31. Atkinson is entitled to qualified immunity on Plaintiff's excessive use of force claim. No other defendant was involved in the use of force.

### B. False Arrest

Defendants submitted summary judgment evidence concerning Plaintiff's arrest. Plaintiff was arrested for the offense of Interference with Public Duties and Resisting Arrest. As stated above, the body camera footage shows Plaintiff arriving on the scene while Atkinson was investigating the criminal offenses of Sean Earle and Brooke Hayward. Sean Earle was under arrest when Plaintiff arrived. Plaintiff approached Atkinson and ignored at least eight commands to step back. The footage additionally shows Plaintiff's resistance to Atkinson's attempts to handcuff him.

In Texas, a peace officer with probable cause can arrest an individual without a warrant for any offense committed in his presence or within his view. TEX. CODE CRIM. PROC. ANN. ART. 14.01(b); *Hafford v. State*, 828 S.W.2d 275, 277 (Tex.App.—Ft Worth 1992, *writ ref'd*), *cert. denied*, 507 U.S. 931, 113 S.Ct. 1313 (1993); *Adkins v. State,* 764 S.W.2d 782, 785 (Tex.Crim.App. 1988). Probable cause exists if the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent man to believe that the suspect had committed or was committing an offense. *Adkins*, 764 S.W.2d at 785. The officers are entitled to qualified immunity for the arrest if "a reasonable person in [his] position could have believed he had probable cause to arrest" Plaintiff. *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (citing *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000).

The offense of Interference with Public Duties occurs when a person "with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." TEX. PENAL CODE § 38.15. A person commits the offense of resisting arrest if "he intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest . . . of the actor . . . by using force against the peace officer." TEX. PENAL CODE § 38.03.

Plaintiff did not respond to the motion for summary judgment with any evidence to controvert Defendants' summary judgment evidence. Defendants' evidence shows that Plaintiff interrupted, disrupted and interfered with Atkinson while Atkinson was performing his duty as a sheriff's deputy. The evidence additionally shows Plaintiff intentionally using force to prevent Atkinson from handcuffing him. A reasonable person in Atkinson's position would have believed that Plaintiff was committing an offense. The officers in this case had probable cause to arrest Plaintiff for Interference with Public Duties and Resisting Arrest and it was not unlawful for them

to proceed with the arrest without a warrant. Without showing that the officers lacked probable cause for the arrest, Plaintiff fails to state a violation of a constitutional right and the officers are entitled to qualified immunity for the arrest and subsequent imprisonment. *Sorensen v. Ferrie*, 134 F.3d 325, 328 (5th Cir.1998); *see also Haggerty v. Texas Southern University*, 391 F.3d 653, 656 (5th Cir. 2004) (To succeed on a 1983 false imprisonment claim, a plaintiff must show that the officer did not have probable cause to arrest him).

**II. Supervisory Officials**

Plaintiff sues several supervisory officials who were not personally involved in the incident forming the basis of this lawsuit—Tim Coonce, Tom Castloo and Jim Brown. At the time of the incident, Tim Coonce was Police Chief for the City of Alba, Tom Castloo was Chief Deputy of the Wood County Sheriff's Office and Jim Brown was Sheriff of Wood County. Supervisory officials are not liable under 42 U.S.C. § 1983 for the actions of their subordinates on any theory of vicarious liability or *respondeat superior*. *Estate of Davis ex. rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Where, as here, a plaintiff alleges a failure to train or supervise, a plaintiff must show "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Id*. (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998).

Plaintiff has not alleged or produced evidence of any facts to support an assertion that Koonce, Castloo or Brown failed to adequately supervise or train their subordinates. Additionally, Plaintiff has not alleged facts or produced evidence showing a causal link between a failure to train or supervise and a violation of his rights. As explained above, viewing all of the facts, Plaintiff has not established a violation of his constitutional rights resulting from the force used to restrain

him, his arrest or his detention. Plaintiff offers nothing more than a conclusory allegation that Defendants did not provide adequate training or supervision. Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy a plaintiff's burden in response to a motion for summary judgment. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Conclusory assertions, unsupported by concrete and particular facts, are wholly insufficient to defeat a motion for summary judgment. *Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service*, 134 F.3d 319, 324 (5th Cir. 1998).

Finally, no facts have been presented to establish deliberate indifference. Deliberate indifference is a stringent standard that requires a showing that an official "disregarded a known or obvious consequence of his action;" meaning, he was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of training is 'obvious and obviously likely to result in a constitutional violation.' " *Id*. (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)). Defendants are entitled to qualified immunity on Plaintiff's claims that Koonce, Castloo and Brown failed to properly train or supervise their subordinates.

**III. Prosecutorial Immunity**

Plaintiff asserts a claim against District Attorney Jim Wheeler. In his pleadings, Plaintiff alleges that Wheeler wrongfully brought charges against him that were later dismissed.

A prosecutor, in his individual capacity, enjoys absolute immunity from a § 1983 lawsuit that is brought concerning actions within the scope of the prosecutor's duties. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984 (1976); *see also Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996). A prosecutor's decision whether or not to file charges is protected by

prosecutorial immunity. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). As such, Wheeler is entitled to absolute immunity. Similarly, to the extent Plaintiff is suing him in his official capacity, Wheeler is entitled to Eleventh Amendment immunity from being sued in his official capacity. *Quinn v. Roach*, 326 Fed.Appx. 280, 292 (5th Cir. 2009).

## IV. City and County Liability

Although primarily seeking dismissal of the individual defendants on the basis of qualified immunity, the motion for summary judgment filed by the City of Alba Defendants also seeks the dismissal of the City of Alba. The City of Alba Defendants assert that municipal liability is foreclosed in this case because Plaintiff has not established the existence of a constitutional violation. Plaintiff did not respond to this assertion in his response and instead argued that he did not receive a procedure manual from the City of Alba.

There is no evidence in this case that any of the City of Alba Defendants participated in the use of force or arrest of Plaintiff. Municipalities cannot be sued under § 1983 on a theory of vicarious liability for the actions of their employees; rather, an official policy must have caused the employee to violate another's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978). As a result of the finding that none of the City of Alba Defendants violated Plaintiff's constitutional rights, Plaintiff cannot establish that an official policy caused a violation of his constitutional rights. *Id*. The claim against the City of Alba should be dismissed.

Similarly, Plaintiff cannot maintain a claim against Wood County for an allegedly deficient taser policy when there has been a finding that the officer using the taser inflicted no constitutional harm. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571 (1986). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the

departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *Id*. (emphasis in original). Wood County did not seek summary judgment on this issue, however, and prior notice to Plaintiff is required. *See Lozano v. Ocwen FederalBank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (finding court must give notice prior to *sua sponte* dismissal on a ground not raised in the motion for summary judgment). Plaintiff should, therefore, be ordered to show cause why the claim against Wood County should not be dismissed.

## CONCLUSION

There are no genuine issues of material fact in this case. Defendants are entitled to judgment as a matter of law. The motions for summary judgment should be granted. It is therefore

**ORDERED** that Defendants City of Alba Police Officers Juan Ramirez, Tom Miller, and Tim Koonce's Motion for Summary Judgment (ECF 65) and Defendants Kevin Atkinson, Sam Threadgill, James Hildebrand, Tom Castloo, Jim Brown, and Jim Wheeler's Motion for Summary Judgment (ECF 66) are **GRANTED**.

Accordingly, the claims against Juan Ramirez, Tom Miller, Tim Koonce, the City of Alba, Kevin Atkinson, Sam Threadgill, James Hildebrand, Tom Castloo, Jim Brown, and Jim Wheeler are **DISMISSED** with prejudice. It is further

**ORDERED** that Plaintiff shall have ten days to show cause why the remaining claim against Wood County, Texas, should not be dismissed as a result of the finding that no Wood County law enforcement officer inflicted a constitutional harm.

So ORDERED and SIGNED this 11th day of September, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE